**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSE L. PARRA, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:18-cv-05936 |
| | ) | Hon. Edmond E. Chang |
| OCWEN LOAN SERVICING, LLC, | ) ) | |
| Defendant. | ) | |

**OCWEN LOAN SERVICING, LLC'S**
**MOTION TO DISMISS, OR, IN THE ALTERNATIVE,**
**MOTION TO STAY, AND MEMORANDUM OF LAW IN SUPPORT**

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ......................................................................................... iii

INTRODUCTION ......................................................................................................... 1

FACTS .......................................................................................................................... 3

    I.       Background .................................................................................................. 3

    II.     The Partial Payment ................................................................................... 4

ARGUMENT ................................................................................................................. 8

    I.       Parra Fails to State a Claim Upon Which Relief Can Be Granted Because His Partial Payment Will Be Incorporated Into the State Court's Judgment of Foreclosure. ........................................................... 8

    II.     Under the Anti-Injunction Act, the Court May Not Enjoin the State-Court Foreclosure Action. ................................................................ 11

    III.    The Court Should Dismiss  Parra's Class Action Allegations............................ 12

          A.      The Absent Class Members' Claim From Prior Foreclosure Cases Will Be Barred by Res Judicata. ................................... 12

          B.      The Anti-Injunction Act Prohibits Interference With Ongoing State Court Proceedings Involving Putative Class Members. .................................................................................. 13

          C.      The Court Lacks Personal Jurisdiction Over Non-Illinois Mortgagors' Claims. ............................................................... 14

                1.      The Court Lacks General Jurisdiction Over Ocwen. ................. 15

                2.      The Court Lacks Specific Jurisdiction Over Ocwen With Respect to Non-Illinois Mortgagors' Claims. ............................. 16

    IV.    In the Alternative, the Court Should Stay This Lawsuit Pending the Resolution of the State-Court Foreclosure Suit. ................................... 18

          A.      The State-Court Foreclosure Lawsuit and This Lawsuit Are Parallel. .................................................................................... 19

          B.      The *Colorado River* Factors Weigh in Favor of Abstention.................. 22

                1.      The State Court's Assumption of Jurisdiction Over Property ............................................................................... 22

                 2.      Inconvenience .............................................................. 23

                 3.      Desirability of Avoiding Piecemeal Litigation ............................ 23

                 4.      Order of Obtaining Jurisdiction ............................................... 23

                 5.      Source of Governing Law ....................................................... 24

6.      Adequacy of State Court Action ..................................................24

7.      Relative Progress .......................................................................24

8.      Presence or Absence of Concurrent Jurisdiction .......................24

9.      Availability of Removal in the State-Court Proceedings............25

10.      Vexatious or Contrived Nature of Suit .....................................25

CONCLUSION....................................................................................................................27

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Al Haj v. Pfizer Inc.*,
    2018 WL 3707561 (N.D. Ill. Aug. 3, 2018) (Feinerman, J.) ....................................................17

*Am. Re-Insurance co. v. MGIC Inv. Corp.*,
    73 Ill. App. 3d 316 (1st Dist. 1979) .......................................................................................14

*America's Health & Res. Ctr., Ltd. v. Promologics, Inc.*,
    2018 WL 3474444 (N.D. Ill. July 19, 2018) (Leinenweber, J.)........................................14, 15

*Beal Bank USA v. Swift*,
    2017 WL 372325 (N.D. Ill. Jan. 26, 2017) .......................................................................18, 24

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*,
    137 S. Ct. 1773 (2017) .....................................................................................................16, 17

*Brown v. First State Bank of Harvard*,
    1995 WL 756858 (N.D. Ill. Nov. 27, 1995) .............................................................................26

*Calvert Fire Ins. Co. v. American Mutual Reinsurance Co.*,
    600 F.2d 1228 (7th Cir. 1979) ................................................................................................19

*Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*,
    962 F.2d 698 (7th Cir. 1992) ..................................................................................................19

*Chavez v. Church & Dwight Co., Inc.*,
    2018 WL 2238191 (N.D. Ill. May 16, 2018) (Tharp, J.) .................................................15, 17

*Clark v. Lacy*,
    376 F.3d 682 (7th Cir. 2004) ..................................................................................................19

*Colorado River Water Conservation District v. United States*,
    424 U.S. 800 (1976)..................................................................................................... *passim*

*Corus Bank, N.A. v. de Guardiola*,
    593 F. Supp. 2d 991 (N.D. Ill. 2008) .....................................................................................18

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)................................................................................................................15

*DeBernardis v. NBTY, Inc.*,
    2018 WL 461228 (N.D. Ill. Jan. 18, 2018) (Leinenweber, J.).................................................15

iii

*Delaney v. Specialized Loan Servicing, LLC*,
    2015 WL 7776904 (N.D. Ill. Dec. 3, 2015) ................................................................18

*Demaria v. Nissan N. Am., Inc.*,
    2016 WL 374145 (N.D. Ill. Feb. 1, 2016) (Blakey, J.) ...........................................15

*Demedicis v. CVS Health Corp.*,
    2017 WL 569157 (N.D. Ill. Feb. 13, 2017) (Darrah, J.) ........................................15

*Elmhurst Lincoln-Mercury, Inc. Employees 401(k) Profit Sharing Plan & Trust v. Mears*,
    215 F. Supp. 3d 659 (N.D. Ill. 2016) .....................................................................21

*EMC Mortg. Corp. v. Kemp*,
    2012 IL 113419 ..........................................................................................................9

*Freed v. Friedman*,
    215 F. Supp. 3d 642 (N.D. Ill. 2016) .....................................................................20

*Freed v. J.P. Morgan Chase Bank, N.A.*,
    756 F.3d 1013 (7th Cir. 2014) ....................................................................... *passim*

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011) ................................................................................................15

*Henry v. Farmer City State Bank*,
    808 F.2d 1228 (7th Cir. 1986) ................................................................................13

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945) ................................................................................................15

*Interstate Material Corp. v. City of Chicago*,
    847 F.2d 1285 (7th Cir. 1988) ................................................................................19

*Kane v. Bank of America, N.A.* (*Kane II*),
    2018 WL 1240217 (N.D. Ill. Mar. 9, 2018) .................................................. *passim*

*Kane v. Bank of America, Nat'l Ass'n* (*Kane I*),
    2017 WL 2243055 (N.D. Ill. May 23, 2017) ...............................................18, 22, 23

*Lumen Const., Inc. v. Brant Const. Co., Inc.*,
    780 F.2d 691 (7th Cir. 1985) ..................................................................................19

*McDonnell v. Nature's Way Products, LLC*,
    2017 WL 4864910 (N.D. Ill. Oct. 26, 2017) (Ellis, J.) ...............................15, 16, 17

*Millonzi v. Bank of Hillside*,
    605 F. Supp. 140 (N.D. Ill. 1985) ..........................................................................11

*Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*,
623 F.3d 440 (7th Cir. 2010) ................................................... 16

*Petit v. Washington Mut. Bank, F.A.*,
2012 WL 3437287 (N.D. Ill. Aug. 14, 2012) ..................................... 18

*Philos Techs., Inc. v. Philos & D, Inc.*,
802 F.3d 905 (7th Cir. 2015) .................................................. 16

*Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil, Inc.*,
301 F. Supp. 3d 840 (N.D. Ill. 2018) (Durkin, J.) ............................. 15

*Ramsden v. AgriBank, FCB*,
214 F.3d 865 (7th Cir. 2000) .............................................. 11, 14

*Republic Bank of Chicago v. Village of Manhattan*,
2015 IL App (3d) 130379 ........................................................ 8

*River Park, Inc. v. City of Highland Park*,
184 Ill. 2d 290 (1998) ........................................................ 12

*Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*,
273 Fed. Appx. 256 (4th Cir. 2008) ........................................... 21

*Sommerfield v. City of Chicago*,
2013 WL 4047606 (N.D. Ill. Aug. 9, 2013) .................................... 21

*Tyrer v. City of South Beloit, Ill.*,
456 F.3d 744 (7th Cir. 2006) ................................................ 22

*Walden v. Fiore*,
571 U.S. 277 (2014) .......................................................... 16

*Wells Fargo Bank, N.A. v. McCluskey*,
2013 IL 115469 ................................................................. 8

*Whitaker v. Ameritech Corp.*,
129 F.3d 952 (7th Cir. 1997) ................................................. 13

*Williams v. Quantum Servicing Corp.*,
2013 WL 271669 (N.D. Ill. Jan. 23, 2013) ............................... *passim*

**Statutes**

735 ILCS 5/2-608 ............................................................... 5

735 ILCS 5/2-1203 .............................................................. 6

735 ILCS 5/2-1301 ..............................................................................................................6

735 ILCS 5/15-1203 ............................................................................................................8

735 ILCS 5/15-1504(J) ...............................................................................................6, 7, 8

28 U.S.C. §1441(b)(2) ........................................................................................................25

28 U.S.C. § 2283 ..................................................................................................11, 14, 20

**Citation to Record**

*Deutsche Bank National Trust Company, as Trustee for NovaStar Mortgage
  Funding Trust, Series 2007-1 NovaStar Home Equity Loan Asset-Backed
  Certificates, Series 2007-1 v. Jose L. Parra, et al.*, No. 2016-CV-09932 ................................3

**Other Authorities**

18 Wright & Miller, *Fed. Prac. & Pro.* § 4412 ..........................................................................21

**Rules**

Fed. R. Civ. P. 12(b)(2).................................................................................................1, 26

Fed. R. Civ. P. 12(b)(6).................................................................................................1, 26

Ill. S. Ct. Rule 113(c)..............................................................................................9, 10, 13

Ill. S. Ct. Rule 113(c)(1) ..................................................................................................10

Ill. S. Ct. Rule 113(c)(4) ..................................................................................................10

Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), by and through its undersigned counsel, Bryan Cave Leighton Paisner LLP, and for its Motion to Dismiss, or, in the Alternative, Motion to Stay, and Memorandum of Law in Support pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), states:

## INTRODUCTION

For the past two years, Plaintiff Jose Parra ("Parra") has been a defendant in a state-court foreclosure lawsuit related to his failure to make his mortgage payments. That case is nearing its completion. To avoid the impending foreclosure, Parra has raised – for the *third* time – a technical allegation concerning a single partial loan payment. In particular, Parra contends this single incomplete payment – which could not even cure a default – should have been applied to his loan balance before the foreclosure lawsuit was filed.

Parra is flatly wrong. His mortgage provides that partial payments shall be applied to the loan balance "immediately prior to foreclosure." This entire lawsuit is an attempt to revise, by judicial fiat, this straightforward covenant to require that the payment be applied "immediately prior to *filing foreclosure proceedings*." The chancery court, which is no stranger to this argument, rejected Parra's argument twice, holding that a "foreclosure" does not occur until judgment is entered. Accordingly, the mortgage does not require the application of partial payments before filing an action for foreclosure. The state court was correct both times, and this Court should dismiss Parra's Class Action Complaint ("Complaint") against Defendant Ocwen Loan Servicing, LLC ("Ocwen") with prejudice.

Parra also erroneously asks this Court to halt his state-court foreclosure proceedings if he survives dismissal. It is well established under the Anti-Injunction Act that federal courts may not enjoin state-court suits except in highly limited circumstances. This is not one of those circumstances. In a situation that is far from extraordinary, Parra dislikes the rulings he received

from the chancery judge presiding over his foreclosure action (although those rulings were undoubtedly correct). But Parra does not want to pursue an appeal through the proper procedure. Instead, Parra wants a second trial court to intervene and "overrule" the first court.[1] That is precisely what the Anti-Injunction Act prohibits between federal and state courts. Thus, Parra's request for an injunction halting those proceedings must be dismissed with prejudice.

The Court should also dismiss and/or strike Parra's class allegations because they involve an unprecedented level of interference with both closed judgments and ongoing cases. First, under basic principles of claim preclusion, Parra cannot reopen a decade's worth of foreclosure judgments throughout the country to assert this argument on behalf of foreclosed borrowers. Second, this Court cannot interfere with ongoing state-court proceedings under the Anti-Injunction Act. Parra pleads no basis for this Court to interfere with these parallel, first-filed cases in which other parties and judges are well-equipped to raise and adjudicate the merits of this legal theory on their own. Finally, although Parra seeks to certify a nationwide class, this Court lacks personal jurisdiction over claims related to out-of-state putative class members with property situated outside of Illinois. These classwide allegations must be dismissed.

In the alternative to an outright dismissal, the Court should stay these proceedings under the *Colorado River* abstention doctrine pending the resolution of Parra's state-court foreclosure suit. As the two prior state-court rulings make clear, this lawsuit should have never been filed. Parra needs to litigate his foreclosure in the proper forum – before the assigned foreclosure judge in state court. That court has already denied Parra's request for leave to assert these claims and rejected his attempt to transform his individual foreclosure action into a putative nationwide

---

[1] After failing twice before the foreclosure judge, Parra filed this purported class action in the Circuit Court of Cook County to take advantage of a rule in the Chancery Division that requires all class action lawsuits to be heard by general chancery judges instead of chancery judges assigned to the foreclosure bench. Ocwen timely removed this action to federal court.

class action. Undeterred, Parra filed this new putative class action to present the same theory to a new judge. Even so, Parra continues to raise these arguments in the state-court action among his affirmative defenses. Thus, all of these issues will be merged into the state court's final judgment in multiple respects. Once the foreclosure is final, these issues will be barred by res judicata.

To be clear, the Court should dismiss this case on the merits, on the same straightforward grounds as the state court. At a minimum, however, to conserve judicial resources and prevent inconsistent results, the Court should stay Parra's lawsuit.

<u>FACTS</u>

I.    <u>Background</u>

In 2006, Parra executed a mortgage and adjustable rate note in connection with a mortgage loan for $420,000. Compl., ¶ 6 & Exs. A, B. In 2014, Parra's mortgage was assigned to non-party Deutsche Bank National Trust Company, as Trustee for NovaStar Mortgage Funding Trust, Series 2007-1 NovaStar Home Equity Loan Asset-Backed Certificates, Series 2007-1 ("Deutsche Bank"). *Id.*, ¶ 7. Ocwen is the loan servicer designated by Deutsche Bank and is responsible for the collection, application, and designation of Parra's loan payments. *Id.*, ¶¶ 3, 8.

On July 26, 2016, Parra became a defendant in the state-court foreclosure lawsuit styled *Deutsche Bank National Trust Company, as Trustee for NovaStar Mortgage Funding Trust, Series 2007-1 NovaStar Home Equity Loan Asset-Backed Certificates, Series 2007-1 v. Jose L. Parra, et al.*, No. 2016-CV-09932, which remains pending in the Circuit Court of Cook County, Illinois. A copy of the state-court complaint is attached hereto as <u>Exhibit 1</u>. In the state-court case, Deutsche Bank alleges that Parra defaulted on his mortgage loan and seeks to foreclose on the property.

3

II.    **The Partial Payment**

After nearly two years of litigating the foreclosure lawsuit, on July 23, 2018, Parra filed this action against Ocwen.    Parra alleges that, at some point that is not identified in the Complaint, he made an *incomplete* mortgage payment.    *See* Compl., ¶¶ 9, 19-21.    With respect to these types of payment, Section 1 of Parra's mortgage provides:

> Lender may accept any payment or partial payment insufficient to bring the Loan current … but Lender is not obligated to apply such payments at the time such payments are accepted.    If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds.    Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current.    If not applied earlier, such funds will be applied to the outstanding principal balance under the Note *immediately prior to foreclosure*.

*Id.*, Ex. A, § 1 (emphasis added).

Tweaking the language of Section 1, Parra alleges that Ocwen "has not applied 'unapplied funds' to the outstanding principal balance under the Mortgage *immediately prior to filing foreclosure proceedings*."    *Id.*, ¶ 9 (emphasis added).

In the state-court proceeding, Parra twice attempted to raise this argument and bring claims on behalf of a putative nationwide class.    Both times he failed.    Parra first raised this argument eighteen months ago, on March 16, 2017.    In Parra's Amended Answer to Complaint to Foreclose, attached hereto as Exhibit 2, Parra alleged in Count VII "[t]hat prior to the Plaintiff [Deutsche Bank] filing its Complaint to Foreclose the Mortgage, the Plaintiff was obligated pursuant to the terms of the mortgage to reduce the principal due by the 'unappled [sic] funds' or return said 'unapplied' funds to the Defendant [Parra]."    Ex. 2, ¶ 40.    He alleged that the application of the "unapplied funds" at that time "was a condition precedent" to filing the foreclosure complaint.    *Id.*, ¶ 44.

Shortly thereafter, on April 5, 2017, Parra moved for leave to file a counterclaim asserting new allegations on behalf of a putative nationwide class.    A copy of Parra's Motion for

Leave to File Class Action Counterclaim, Additional Appearance, and Motion for Class Certification Pursuant to 735 ILCS 5/2-608 is attached hereto as <u>Exhibit 3</u>, and Parra's proposed Class Action Counterclaim Pursuant to 735 ILCS 5/2-608 ("Class Action Counterclaim") is attached hereto as <u>Exhibit 4</u>.

In the proposed Class Action Counterclaim, just like in this case, Parra alleged that Deutsche Bank "has not applied 'unapplied funds' to the outstanding principal balance under the Note immediately prior to filing foreclosure proceedings." Ex. 4, ¶ 10. He sought to represent a class "of similarly situated DEUTSCHE mortgagors throughout Illinois and the United States against whom DEUTSCHE has initiated foreclosure proceedings and has failed to apply 'unapplied funds' to the outstanding balance under the Note immediately prior to foreclosure, between the years 2006 to the date of judgment herein." *Id.*, ¶ 17. He asserted these allegations in six counts: (1) breach of written contract, (2) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), (3) unjust enrichment, (4) a request for an injunction, (5) a request for a declaratory judgment, and (6) an accounting. *See id.*, ¶¶ 25-55.

Deutsche Bank opposed Parra's motion on the ground of futility. A copy of Deutsche Bank's Opposition to Motion for Leave to File Class Action Counterclaim is attached hereto as <u>Exhibit 5</u>. In particular, Deutsche Bank argued that the word "foreclosure" in Section 1 of Parra's mortgage refers to the act of foreclosure, *not* the lawsuit that leads up to the foreclosure. Ex. 5, pp. 4-5. Furthermore, Deutsche Bank argued that Illinois Supreme Court Rule 113(c) expressly contemplates that the parties will settle up any amounts held in suspense in connection with the prove-up affidavit that Deutsche Bank will file when it requests a judgment of foreclosure. *Id.*, pp. 5-6.

The chancery court heard oral argument, and on September 27, 2017, the experienced court (which indicated that it had heard this erroneous theory before) denied Parra's motion. A copy of the September 27, 2017 Order is attached hereto as Exhibit 6. The state court held "that filing a foreclosure complaint is not a foreclosure under the contract; a foreclosure occurs at the time of judgment." Ex. 6, p. 1.

Following that argument, Parra filed a 735 ILCS 5/2-1301 Motion to Vacate and/or a 735 ILCS 5/2-1203 Motion to Reconsider the Court's September 27, 2017 Order Denying Defendant's Motion for Leave to File Class Action Counterclaim ("Motion to Reconsider"). A copy of the Motion to Reconsider is attached hereto as Exhibit 7. In the Motion to Reconsider, Parra asked the Court to change its prior ruling and also alleged that the failure to apply these funds violated 735 ILCS 5/15-1504(J), which provides that the complaint in a foreclosure action must identify the "current unpaid principal balance." Deutsche Bank opposed the Motion to Reconsider. Deutsche Bank's Opposition to Defendant's 735 ILCS 5/2-1301 Motion to Vacate and/or 735 ILCS 5/2-1203 Motion to Reconsider is attached hereto as Exhibit 8.

The chancery court again heard oral argument. On April 24, 2018, the court denied Parra's Motion to Reconsider. A copy of the April 24 Order is attached hereto as Exhibit 9. In its order, the state court wrote:

> Oft times motions to vacate are predicated upon the failure of one of the parties to be present either due to some emergency or lack of notice. In this instance all parties were present and argued their client's positions. The active participation of both parties by highly competent Counsel argues against the suggestion that an injustice occurred in the presentation or conduct of the hearing preceding the entry of the Order. In fact, the only injustice suggested by [Parra] was his failure to prevail.

Ex. 9, p. 1. The court found no error of law and adhered to its prior holding:

> This Court finds little support for the position that the commencement of 'the process of foreclosure' in fact creates a foreclosure. The phrase 'process of

foreclosure' indicates that the Court action is a process to accomplish some act or … a process to obtain a 'decree of foreclosure.'

*Id.*, p. 2.

At the same time, Parra had also sought leave to amend his answer and affirmative defenses. In the same April 24 Order, the state court granted Parra's motion to supplement Count VII of his amended answer. A copy of Parra's Supplement to Count VII of Amended Answer to Complaint to Foreclose is attached hereto as Exhibit 10. Among his affirmative defenses, Parra alleges that Deutsche Bank had $300 in unapplied funds in a suspense account and failed to apply those funds to reduce the outstanding principal balance immediately prior to foreclosure, in violation of Section 1 of the mortgage and 735 ILCS 5/15-1504(J). *See* Ex. 10, ¶¶ 2-35.

Another three months passed. Then, nearly two years after Deutsche Bank's filing of the foreclosure case, Parra filed the instant Complaint against Ocwen in the Circuit Court of Cook County. Parra's Complaint substitutes Ocwen, the loan servicer, for Deutsche Bank, the mortgagee, but otherwise repeats the allegations in Parra's rejected Class Action Counterclaim. In particular, Parra alleges that Ocwen "has not applied 'unapplied funds' to the outstanding principal balance under the Mortgage immediately prior to filing foreclosure proceedings." Compl., ¶ 9. He further alleges that these actions were "also in violation of the Illinois Mortgage Foreclosure Act's, 735 ILCS 5/15-1504(J) requirement that a complaint for foreclosure include the current unpaid principal balance." *Id.* On this basis, Parra alleges that Ocwen "lacked the ability to file or initiate an action in foreclosure against Plaintiff and the Class." *Id.*, ¶ 21.

Parra seeks to represent a class "of similarly situated Ocwen mortgagors throughout Illinois and the United States against whom Ocwen has failed to apply 'unapplied funds' in foreclosure actions to the outstanding balance under the Mortgage immediately prior to

foreclosure, or failed to refund such 'unapplied funds' to the borrower, between the years 2008 to the date of judgment herein." *Id.*, ¶ 10. He asserts these allegations in seven counts: (1) breach of written contract, (2) violation of the Illinois Mortgage Foreclosure Act, 735 ILCS 5/15-1504(J) (the only count not alleged in the proposed Class Action Counterclaim), (3) violation of the ICFA, (4) unjust enrichment, (5) a request for an injunction, (6) a request for a declaratory judgment, and (7) an accounting. *See id.*, ¶¶ 18-56. Among other relief, Parra seeks a "preliminary and permanent mandatory injunction to dismiss all of Defendant's pending foreclosure actions against the Plaintiff and the Class." *Id.*, ¶ 43.

Initially, Ocwen sought to consolidate this action with the first lawsuit. Ocwen withdrew the motion, however, because Cook County local rules do not allow consolidation into the first-filed suit. Rather, the local rules require that all putative class actions must be heard in a separate division before a different judge. Ocwen then removed the case to this Court on the basis of diversity with respect to both Parra's individual claims and under the Class Action Fairness Act with respect to the claims of the putative class. Ocwen now moves to dismiss. In the alternative, Ocwen moves to stay these proceedings under the *Colorado River* abstention doctrine.

## ARGUMENT

I. **Parra Fails to State a Claim Upon Which Relief Can Be Granted Because His Partial Payment Will Be Incorporated Into the State Court's Judgment of Foreclosure.**

Illinois is a judicial foreclosure state. The purpose of a foreclosure lawsuit is "to 'terminate legal and equitable interests in real estate,'" culminating in a judicial confirmation of a foreclosure sale and possession of the property by the new owner. *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 24 (quoting 735 ILCS 5/15-1203). A "foreclosure" is not complete until the judgment of foreclosure has been entered and the property has been sold. *Republic Bank of Chicago v. Village of Manhattan*, 2015 IL App (3d) 130379, ¶ 26. In this

8

respect, even a court's initial "judgment ordering foreclosure does not, in fact, dispose of all the issues between the parties and does not terminate the litigation." *EMC Mortg. Corp. v. Kemp*, 2012 IL 113419, ¶ 41.

Parra's dispute over unapplied funds confuses the concept of a *foreclosure lawsuit* with the *foreclosure itself*, which is the outcome of that lawsuit. The mere filing of a complaint is not a "foreclosure." To date, nothing of Parra's has been "foreclosed." Whether that foreclosure will occur is a decision that rests with the state court, which must "order[] foreclosure." *Id.*

With these principles in mind, Parra's mortgage provides, in relevant part:

> Lender may accept any payment or partial payment insufficient to bring the Loan current … but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note *immediately prior to foreclosure*.

Compl., Ex. A, § 1 (emphasis added). Parra's argument is betrayed by the controlling language of his mortgage. Although Parra offers a conclusory allegation that the partial payment should be applied "*immediately prior to filing foreclosure proceedings*" (*id.*, ¶ 9), that is not what his mortgage says. It says "immediately prior to foreclosure." *Id.*, Ex. A., § 1. If the intent was to apply these funds immediately prior to filing a foreclosure lawsuit, the mortgage would say so. Thus, consistent with the plain meaning of "foreclosure" under Illinois law, the unapplied funds will be applied before the chancery court orders the foreclosure. The chancery judge overseeing the foreclosure recognized this, which is why that judge explicitly rejected Parra's claim – twice.

Under Illinois Supreme Court Rule 113(c), the application of these funds will be reflected in the prove-up affidavit submitted by Deutsche Bank. That Rule provides: "All plaintiffs seeking a judgment of foreclosure … shall be required to submit an affidavit in support of the amounts due and owing under the note when they file any motion requesting … a judgment of

foreclosure." Ill. S. Ct. Rule 113(c)(1). The Rule further provides that "[t]he affidavit prepared shall, at a minimum, be prepared by utilizing, or substantially adopting the appearance and content of, the form provided in the Article II Forms Appendix." Ill. S. Ct. Rule 113(c)(4). That form includes an itemization, which specifically deducts the unapplied funds in a suspense account that Parra is now disputing:

| | |
|---|---|
| Principal | $_____ |
| Interest | $_____ |
| Pro Rata MIP/PMI | $_____ |
| Escrow Advance | $_____ |
| Late Charges | $_____ |
| NSF Charges | $_____ |
| Property Maintenance | $_____ |
| Property Inspections | $_____ |
| BPO | $_____ |
| GROSS AMOUNT DUE | $_____ |
| **Less/Plus balance in reserve accounts** | $_____ |
| NET AMOUNT DUE | $_____ |

Article II Forms Appendix, Rule 113, Form 1 (emphasis added). Thus, Rule 113(c) expressly reflects that the amounts "due and owing" in the prove-up affidavit account for the balance in suspense accounts at the time that a judgment of foreclosure is being requested. The chancery court will calculate this figure when the foreclosure is ordered. Thus, as the experienced chancery judge understood, Parra's argument not only mischaracterizes the plain language of his own mortgage, but also disregards the standard procedures for completing a foreclosure under Illinois law.

Finally, Parra's argument makes little practical sense. There is no reason these funds would be held in suspense and then suddenly credited based purely upon the filing of a lawsuit (which could be dismissed). The mortgage proposes two straightforward options for accounting for payments: complete payments are credited at the time they are made, and incomplete payments, which are by definition deficient, may be credited when the parties "settle up"

immediately before the foreclosure. *See* Compl., Ex. A, § 1. Parra, however, proposes an unnecessary third step that serves no apparent purpose, complicates the foreclosure procedures, and contradicts both the plain language of the mortgage as well as the standard procedure under Illinois law.

All of Parra's claims hinge on this erroneous argument. Because Parra's theory is groundless, the Complaint should be dismissed with prejudice for a third and final time.

## II.  Under the Anti-Injunction Act, the Court May Not Enjoin the State-Court Foreclosure Action.

Count V, which requests injunctive relief with respect to the state-court foreclosure lawsuit, must be dismissed for another reason: the Anti-Injunction Act. "The Anti-Injunction Act generally prohibits federal courts from enjoining state court proceedings." *Ramsden v. AgriBank, FCB*, 214 F.3d 865, 868 (7th Cir. 2000) (citing 28 U.S.C. § 2283). "The Act is designed to prevent friction between state and federal courts and to protect state court proceedings from federal interference." *Id.*

"By its own terms, the Anti-Injunction Act's prohibition is sweeping and provides for only three types of exceptions: 'A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Id.* (quoting 28 U.S.C. § 2283). "These exceptions are narrow ones." *Id.*

None of these narrow exceptions applies here. That is, there is no statute authorizing federal courts to enjoin state foreclosure cases; the injunction is not necessary to aid this Court's jurisdiction; and there is no judgment from this Court to protect or effectuate. *See* 28 U.S.C. § 2283; *see also Millonzi v. Bank of Hillside*, 605 F. Supp. 140, 143-44 (N.D. Ill. 1985) (holding that Anti-Injunction Act barred attempt to enjoin bank from obtaining sheriff's deed following

11

foreclosure sale). To the contrary, Parra seeks to use a second court as a vehicle to interfere with the first-filed action that has been pending in state court for over two years. This type of interference is what the Anti-Injunction Act is designed to prohibit.

Therefore, Count V must be dismissed with prejudice.

## III. The Court Should Dismiss Parra's Class Action Allegations.

The Court should also dismiss Parra's classwide allegations – without even considering the requirements of Rule 23.

### A. The Absent Class Members' Claim From Prior Foreclosure Cases Will Be Barred by Res Judicata.

Under Parra's erroneous understanding of his mortgage, he argues that the putative class has been damaged by "improper defaults and foreclosures" since 2008. *See, e.g.*, Compl., ¶¶ 10, 36. In this respect, Parra improperly seeks to re-litigate a decade of foreclosure cases that are now final and complete, on behalf of borrowers whose claims are barred through claim preclusion. "The purpose of res judicata is to promote judicial economy by requiring parties to litigate, in one case, all rights arising out of the same set of operative facts and also [to] prevent[] the unjust burden that would result if a party could be forced to relitigate what is essentially the same case." *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 319 (1998). In Illinois, res judicata applies "if: '(1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies.'" *Kane v. Bank of America, N.A.* (*Kane II*), 2018 WL 1240217, at *5 (N.D. Ill. Mar. 9, 2018) (quoting *River Park*, 184 Ill. 2d at 302). By reopening the issue of unapplied funds, Parra expressly seeks to re-litigate issues that are embraced by prior foreclosure judgments issues in lawsuits between Ocwen and absent class members, as well as lawsuits involving non-parties such as Deutsche Bank.

12

The Court recently addressed claim-preclusion in the context of foreclosures in *Kane II*. Relying upon two Seventh Circuit cases, the court held that the borrower-plaintiff's attempt to litigate a post-foreclosure dispute over interest and fees in a subsequent federal lawsuit was barred by res judicata. *Id.* at *5-*6 (citing *Whitaker v. Ameritech Corp.*, 129 F.3d 952 (7th Cir. 1997); *Henry v. Farmer City State Bank*, 808 F.2d 1228 (7th Cir. 1986)). The court wrote:

> Under *Henry* and *Whitaker*, if Kane were to prevail in federal court on his claims—which, as the Banks rightly note, are 'premised on allegations that [their] actions … caused him to be charged "unnecessary interest charges and fees" and resulted in a foreclosure action that he contends was wrongful'—this court's decision would nullify the state court's ruling that, 'by virtue of the mortgage and the affidavits presented as evidence of indebtedness, … [Bank of America established that it] ha[d] a valid and subsisting lien on [Kane's] property' and was owed particular sums for the loan's '[p]rincipal, [a]ccrued interest, [a]dvances and other amounts.'"

*Id.* at *6; *see also* Ill. S. Ct. Rule 113(c). For these reasons, the court entered judgment on the pleadings.

Here, the circumstances are the same. On behalf of other foreclosed borrowers, Parra wishes to resurrect old disputes concerning the timing of applying suspense payments that were already tallied and reconciled in connection with prior foreclosure lawsuits. He also seeks to "nullify" those prior rulings. Thus, Parra's class claims violate fundamental principles of res judicata.

Therefore, these classwide allegations challenging the outcome of prior foreclosures should be dismissed.

### B.     The Anti-Injunction Act Prohibits Interference With Ongoing State Court Proceedings Involving Putative Class Members.

Beyond interfering with final judgments, Parra also asks this Court to interfere with lawsuits presently before state judges in Illinois and throughout the country. But just like Parra's individual claim, the Anti-Injunction Act bars this Court from enjoining ongoing state-court

proceedings. *See* 28 U.S.C. § 2283; *Ramsden v. AgriBank, FCB*, 214 F.3d 865, 868 (7th Cir. 2000); *see also* Section II, *ante*.

Even in Illinois state court, trial courts would be under no compulsion to comply with such an injunction from a sister state, and other courts may take a similar position if this Court were to assert an extraterritorial injunction. *See Am. Re-Insurance co. v. MGIC Inv. Corp.*, 73 Ill. App. 3d 316, 320 (1st Dist. 1979) ("It has been repeatedly held that even where another state does enjoin litigants from proceeding with a previously instituted Illinois action, neither the full faith and credit clause nor rules of comity compel Illinois courts to recognize such an injunction and abate or preclude their disposition of the pending case."). Parra wants the Court to issue injunctions that would direct courts throughout the country to handle their own proceedings as this Court sees fit, regardless of the terms of the mortgages that are in front of those courts, regardless of the allegations or defenses of the borrowers and lenders in those courts, and regardless of the state laws and rules under which those courts operate.

Parra pleads no basis for this Court to step in and take this extraordinary action. Rather than interfere with ongoing, first-filed lawsuits pending before the judges of Illinois and other states, it is preferable to let these judges handle their own cases. Therefore, Parra's request for injunctive relief across the putative class must be dismissed as well.

### C. The Court Lacks Personal Jurisdiction Over Non-Illinois Mortgagors' Claims.

The Court should also dismiss the claims asserted on behalf of non-Illinois mortgagors. Unless a court has general jurisdiction over the defendant, a plaintiff in a putative class action may not assert claims on behalf of out-of-state class members against a defendant without a specific connection between those claims and the forum. No fewer than six judges of this Court have reached this conclusion. *See America's Health & Res. Ctr., Ltd. v. Promologics, Inc.*, 2018

14

WL 3474444, at *2 (N.D. Ill. July 19, 2018) (Leinenweber, J.); *Chavez v. Church & Dwight Co., Inc.*, 2018 WL 2238191, at *9-*11 (N.D. Ill. May 16, 2018) (Tharp, J.); *Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil, Inc.*, 301 F. Supp. 3d 840, 860-62 (N.D. Ill. 2018) (Durkin, J.); *DeBernardis v. NBTY, Inc.*, 2018 WL 461228, at *1-*2 (N.D. Ill. Jan. 18, 2018) (Leinenweber, J.); *McDonnell v. Nature's Way Products, LLC*, 2017 WL 4864910, at *3-*4 (N.D. Ill. Oct. 26, 2017) (Ellis, J.); *Demedicis v. CVS Health Corp.*, 2017 WL 569157, at *2-*3 (N.D. Ill. Feb. 13, 2017) (Darrah, J.); *Demaria v. Nissan N. Am., Inc.*, 2016 WL 374145, at *5-*8 (N.D. Ill. Feb. 1, 2016) (Blakey, J.).

### 1. The Court Lacks General Jurisdiction Over Ocwen.

Consistent with the limits of due process, courts differentiate between "general" or "all-purpose" jurisdiction, and "specific" or "case-linked" jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "In all but the most exceptional cases, general jurisdiction over a corporation is limited to its place of incorporation and/or principal place of business." *America's Health*, 2018 WL 3474444, at *2; *see also Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014).

Illinois is not Ocwen's place of incorporation or its principal place of business. *See* Compl., ¶ 3 (alleging that Ocwen is a Delaware company with a principal place of business in Florida). Furthermore, the Complaint pleads no "exceptional" basis to treat Illinois as a forum in which Ocwen is "essentially at home." *See Goodyear*, 564 U.S. at 919. The allegations about Ocwen's activities in Illinois stop with Parra's own case, which concerns a single residential foreclosure. Therefore, the Court lacks general jurisdiction over Ocwen.

      **2.**    **The Court Lacks Specific Jurisdiction Over Ocwen With Respect to Non-Illinois Mortgagors' Claims.**

"Specific jurisdiction exists 'when the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities.'" *McDonnell*, 2017 WL 4864910, at *4 (quoting *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 444 (7th Cir. 2010)). "The Court looks to the 'defendant's suit related conduct' and its connection to the forum state; 'a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction.'" *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 284, 286 (2014); *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 915-16 (7th Cir. 2015)). "Additionally, a state may not assert specific jurisdiction over a nonresident's claim where the connection to the state is based on the defendant's conduct in relation to a resident plaintiff, and not the nonresident plaintiff." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1781 (2017).

In *Bristol-Myers*, the U.S. Supreme Court held that no personal jurisdiction existed over nonresidents' claims even though certain plaintiffs with a legitimate connection to California sought to serve as anchors for those other plaintiffs to join the litigation. As the Court explained: "The mere fact that *other* plaintiffs were prescribed, obtained, and ingested [the drug] in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id.* at 1779. Because the nonresident plaintiffs did not "claim to have suffered harm in" the forum and the "conduct giving rise to [their] claims occurred elsewhere," the California courts could not exercise specific jurisdiction over the nonresidents' claims. *Id.* at 1782.

Even in the short time since *Bristol-Myers*, numerous decisions from this Court have applied the Supreme Court's analysis to dismiss or strike out-of-state claims in putative class

actions. *See, e.g.*, *Chavez*, 2018 WL 2238191, at *11 (holding that the plaintiff was "foreclosed from representing either a nationwide [or] multistate class comprising non-Illinois residents in this suit"); *McDonnell*, 2017 WL 4864910, at *4 (dismissing "all claims … brought on behalf of non-Illinois residents").

Here, Parra alleges no nexus between Illinois and the claims of the non-Illinois mortgagors. In fact, Parra cannot—the class allegations all relate to foreclosures of real property in other states, under the foreclosure laws of those states. As in *Bristol-Myers*, these putative class members "are not [Illinois] residents and do not claim to have suffered harm in th[is] State. In addition, … all the conduct giving rise to the nonresidents' claims occurred elsewhere." 137 S. Ct. at 1782.

Furthermore, if anything, the due process concerns raised by the class definition are even more troubling than in *Bristol-Myers*. Namely, Parra seeks to wedge disputes arising out of foreclosure laws in 49 other jurisdictions into a single forum (Illinois) with no special connection to Ocwen. All things being equal, any Illinois foreclosures only form a tiny portion of the total number of claims that Parra seeks to adjudicate in this State on a classwide basis. Allowing a nationwide class action to continue in Illinois under these circumstances is inconsistent with due process' insulation of defendants from "submitting to the coercive power of a State that may have little legitimate interest in the claims in question." *Id.* at 1780.[2]

---

[2] The only exception to the otherwise-unbroken chain of case law in this district appears to be the decision in *Al Haj v. Pfizer Inc.*, 2018 WL 3707561 (N.D. Ill. Aug. 3, 2018) (Feinerman, J.). Respectfully, Ocwen submits that *Al Haj* was incorrectly decided. In refusing to extend *Bristol-Myers* to class actions, *Al Haj* incorrectly focused on the fact that unnamed class members are not generally considered "real" parties in interest before class certification. *Id.* at *2-*3. The court thus diminished the central importance of the fact that, after a class *is* certified, any adjudication of those unnamed class members' claims becomes a final and binding judgment on the defendant – just like any other "real" party in a lawsuit. The court also incorrectly focused on the protections for absent *plaintiffs*, not the due process protection for *defendants*. *See id.* at

The Court should dismiss Parra's class allegations entirely, and in no event require Ocwen to defend itself against claims brought on behalf of a nationwide class over which the Court plainly lacks jurisdiction.

## IV. In the Alternative, the Court Should Stay This Lawsuit Pending the Resolution of the State-Court Foreclosure Suit.

Under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), a federal court may stay or dismiss a suit in federal court when a concurrent state court case is underway to "promote 'wise judicial administration.'" *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014) (quoting *Colorado River*, 424 U.S. at 817-18). "The primary purpose of the *Colorado River* doctrine is to conserve both state and federal judicial resources and prevent inconsistent results." *Id.*

It is well established that *Colorado River* abstention is appropriate when a federal suit runs parallel to state-court foreclosure proceedings. *See Kane v. Bank of America, Nat'l Ass'n (Kane I)*, 2017 WL 2243055 (N.D. Ill. May 23, 2017); *Beal Bank USA v. Swift*, 2017 WL 372325 (N.D. Ill. Jan. 26, 2017); *Delaney v. Specialized Loan Servicing, LLC*, 2015 WL 7776904 (N.D. Ill. Dec. 3, 2015); *Williams v. Quantum Servicing Corp.*, 2013 WL 271669 (N.D. Ill. Jan. 23, 2013); *Petit v. Washington Mut. Bank, F.A.*, 2012 WL 3437287 (N.D. Ill. Aug. 14, 2012); *Corus Bank, N.A. v. de Guardiola*, 593 F. Supp. 2d 991 (N.D. Ill. 2008).

To determine whether abstention is appropriate, the Court conducts a two-part analysis. First, the Court must determine whether the state and federal actions are parallel. *Freed*, 756

---

*3. Finally, the court made inapt comparisons between personal jurisdiction and subject matter jurisdiction under Article III (which is a matter of constitutional structure, not due process), as well as statutory considerations of who the "parties" are for purposes of determining diversity of citizenship and venue before class certification. Those issues do not matter here, where the paramount concern is the fundamental due process rights owed to defendants haled into a foreign court to adjudicate hundreds or thousands of claims with no connection to that forum.

F.3d at 1018.  Second, if they are parallel, the Court must decide whether abstention is proper by carefully weighing ten non-exclusive factors.  *Id.*

### A.    The State-Court Foreclosure Lawsuit and This Lawsuit Are Parallel.

"For a state court case to be parallel to a federal court case under the *Colorado River* doctrine, there must be 'a substantial likelihood that the state litigation will dispose of all claims presented in the federal case.'"  *Id.* (quoting *Lumen Const., Inc. v. Brant Const. Co., Inc.*, 780 F.2d 691, 695 (7th Cir. 1985)).  "The cases need not be identical to fulfill the requirement of parallelism, but the court must examine whether 'substantially the same parties are contemporaneously litigating substantially the same issues in another forum.'"  *Id.* at 1018-19 (quoting *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988) (quoting *Calvert Fire Ins. Co. v. American Mutual Reinsurance Co.*, 600 F.2d 1228, 1229 n.1 (7th Cir. 1979))).

"One way that parties in separate actions are considered substantially the same under the *Colorado River* doctrine is when they have 'nearly identical' interests."  *Id.* at 1019 (quoting *Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir. 1992)).  In this respect, the absence of a named party in the state-court proceedings does not defeat parallelism.  *Id.* at 1020; *see also Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004) ("To be sufficiently similar it is not necessary that there be 'formal symmetry between the two actions.'") (quoting *Lumen*, 780 F.2d at 695).

Parra is a party in both actions – the plaintiff here, the defendant in state court.  Deutsche Bank is the plaintiff in the state-court lawsuit, and Ocwen, the loan servicer and agent of Deutsche Bank, is the defendant here.  *See, e.g.*, *Williams*, 2013 WL 271669, at *3 ("Although MERS is not a party to the state-court [foreclosure] suit, the parties are substantially identical. MERS's interests are aligned with Quantum's, and 'formal symmetry' is not required for suits to

be sufficiently parallel.") (internal footnote omitted).  It is unknown why Parra named Ocwen as the sole defendant in this lawsuit and did not join Deutsche Bank as a defendant, other than surmising that Parra has pivoted to a new target after the state court twice rebuffed him for asserting identical allegations against Deutsche Bank.  *Cf. Freed v. Friedman*, 215 F. Supp. 3d 642, 652 (N.D. Ill. 2016) ("[A] finding that the cases are not parallel predicated on Silver's absence from the state suits (and Weiss's and the LLC's absence from this one) would unjustly reward strategic behavior, because Silver's absence from the state proceedings is attributable entirely to Freed.").  Either way, Deutsche Bank, as the mortgagee, and Ocwen, as its servicer and agent, are "substantially the same" for purposes of the *Colorado River* analysis, as evidenced by the fact that Parra seeks to attribute the identical alleged wrongdoing to both entities.

Furthermore, to determine parallelism, "[t]he court should also examine whether the cases raise the same legal allegations or arise from the same set of facts."  *Freed*, 756 F.3d at 1019.  Again, Parra attempts to assert the same legal theory in this case against Ocwen that he sought to assert against Deutsche Bank in the state-court lawsuit as a counterclaim and continues to assert as an affirmative defense.  *See id.* at 1021; *Williams*, 2013 WL 271669, at *3 ("The central issue in both cases, and the issue on which plaintiffs' state and federal claims are premised, is whether Quantum has the right to foreclose on the subject property based on the mortgage securing the debt owed by Williams.").  Parra is well aware that Ocwen, the loan servicer, and Deutsche Bank, the mortgagee, share an identity of interest with respect to this issue of crediting his incomplete payment.  Parra has even asked this Court to issue an injunction staying the state-court proceedings to which Ocwen is not even a party.  Although that request is barred by the Anti-Injunction Act, 28 U.S.C. § 2283, Parra's request to use this case as a vehicle to halt the state-court foreclosure case demonstrates the overlapping nature of these two suits.

As described above, barring unforeseen circumstances, the end result of the state-court lawsuit will be that this federal case is barred under claim preclusion principles. To start, Parra has asserted this theory as an affirmative defense in the state-court foreclosure suit. *See* Ex. 10. Thus, the state court will adjudicate this issue as a matter of course, which will bar re-adjudication by this Court. *See Kane II*, 2018 WL 1240217, at *5 ("Res judicata thus bars Kane's claims here so long as they arise out of the same group of operative facts as did his affirmative defenses in state court, which they do.").

Furthermore, "'the rule against claim splitting applies to prevent a plaintiff from filing a new lawsuit after the court in an earlier action has denied the plaintiff's request for leave to amend to add the claims later asserted in the second lawsuit.'" *Elmhurst Lincoln-Mercury, Inc. Employees 401(k) Profit Sharing Plan & Trust v. Mears*, 215 F. Supp. 3d 659, 665 (N.D. Ill. 2016) (quoting *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 Fed. Appx. 256, 265 (4th Cir. 2008)). "Generally, when a plaintiff is denied leave to amend claims, the proper remedy is to appeal that decision, not to file a separate lawsuit." *Sommerfield v. City of Chicago*, 2013 WL 4047606, at *12 (N.D. Ill. Aug. 9, 2013). As this Court has explained:

> There is likely to be good reason when the court that has control of the first action concludes that a party should not be allowed to advance matters so closely related to the action as to be part of a single claim. Unless the court can be persuaded to direct that denial of leave to amend is without prejudice to advancing the new matter in a separate action, preclusion should apply. Any error should be corrected by appeal in the first proceeding.

*Id.* at *13 (quoting 18 Wright & Miller, *Fed. Prac. & Pro.* § 4412). Parra, who was denied leave to amend (Exs. 6, 9), has not done this.

The Court recently addressed this claim-preclusion scenario under *Colorado River* in *Kane II*. After the Court granted a stay of the plaintiff's federal action – asserting claims of fraud and violations of the ICFA in connection with a foreclosure – the state court entered a

judgment of foreclosure. When the federal court lifted the stay, the court granted the defendant's motion for judgment on the pleadings based on res judicata. *Kane II*, 2018 WL 1240217, at *6. With that, the case ended.

There is no purpose behind expending valuable judicial and party resources litigating the same issues on two fronts – let alone when Parra has taken the extraordinary step of seeking to represent a putative nationwide class action in a lawsuit that is already two years behind his individual suit. *Colorado River* is designed to prevent circumstances such as these, and a stay is particularly appropriate.

**B.    The *Colorado River* Factors Weigh in Favor of Abstention**

Beyond parallelism, the typical factors for the Court to consider under *Colorado River* are: (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. *Freed*, 756 F.3d at 1018 (citing *Tyrer v. City of South Beloit, Ill.*, 456 F.3d 744, 754 (7th Cir. 2006)). These factors overwhelmingly weigh in favor of a stay.

**1.    The State Court's Assumption of Jurisdiction Over Property**

It is beyond dispute that the Illinois state court has assumed jurisdiction over property – that court is in the process of adjudicating a foreclosure of Parra's real property. *See Kane I*, 2017 WL 2243055, at *3; *Williams*, 2013 WL 271669, at *3. Therefore, this factor weighs in favor of abstention.

### 2. Inconvenience

The federal and state cases are both pending in Chicago courts, so the federal forum is not inconvenient. This factor is neutral. *See Williams*, 2013 WL 271669, at *3 n.2.

### 3. Desirability of Avoiding Piecemeal Litigation

In terms of piecemeal litigation, this case is a paradigmatic example of why *Colorado River* abstention exists. As explained above, Parra's legal theory is already wrapped up in two prior rulings within the state-court foreclosure suit that will be merged into the final judgment. Exs. 6, 9. Furthermore, although the Court denied Parra leave to assert his theory as a counterclaim, his theory remains an affirmative defense in the state-court suit. Exs. 2, 10. Therefore, the state court will necessarily (re-)adjudicate that claim in connection with entering its final judgment. This poses a direct threat of a conflict between the two courts. *See Kane I*, 2017 WL 2243055, at *3 ("If this court were to rule in Kane's favor on either or both of his common law fraud and ICFA claims, an 'unseemly' conflict between the state and federal forums would result, given that the state court has already resolved those issues against Kane.").

The undesirability of piecemeal litigation is particularly high in this case, considering the vast landscape that separates Parra's narrow, individual foreclosure case and the putative nationwide class action he seeks to pursue in this Court. When the state court resolves the foreclosure action, all of the judicial and party resources associated with litigating a putative nationwide class action will have been wasted. *See Kane II*, 2018 WL 1240217, at *6.

Therefore, this factor also weighs in favor of abstention.

### 4. Order of Obtaining Jurisdiction

"[C]ourts look to the filing date of the relevant suits when analyzing this factor, without any inquiry into when particular arguments, claims, or defenses were first asserted." *Kane I*, 2017 WL 2243055, at *4. The state court lawsuit was filed in July 26, 2016. This lawsuit was

23

filed in July 23, 2018, after a delay of nearly two years. Therefore, this factor also weighs in favor of abstention.

### 5. Source of Governing Law

Both cases involve disputes over foreclosure-related issues and arise under state law. A state court's expertise in applying its own law favors abstention. *Freed*, 756 F.3d at 1022.

### 6. Adequacy of State Court Action

Parra cannot complain about the adequacy of Illinois state courts. He attempted to assert this legal theory against Deutsche Bank in the Circuit Court of Cook County (twice) and then asserted this legal theory against Ocwen in the Circuit Court of Cook County before Ocwen removed the case to this Court. More importantly, there is no reason to doubt the ability of the chancery court, which handles judicial foreclosures on a daily basis, to adjudicate Parra's case fairly. Therefore, this factor also weighs in favor of abstention.

### 7. Relative Progress

Right now, the state-court case has proceeded through discovery and is ripe for summary judgment. This case, by contrast, is in its infancy. Alongside this motion, Ocwen has only filed a motion to dismiss and an answer. Therefore, this factor also weighs in favor of abstention.

### 8. Presence or Absence of Concurrent Jurisdiction

This factor considers whether the federal and state courts both have concurrent jurisdiction to hear Parra's claims in this lawsuit. If so, the factor favors abstention. *See Beal Bank*, 2017 WL 3722325, at *5 (factor weighs against abstention when state court lacks jurisdiction to adjudicate a federal claim). Clearly the courts have concurrent jurisdiction. Therefore, this factor also weighs in favor of abstention.

### 9. Availability of Removal in the State-Court Proceedings

After considering the existence of concurrent jurisdiction in *this* case, the Court next considers whether there was a basis for federal jurisdiction in the other, state-court lawsuit. This factor "intends to prevent a federal court from hearing claims that are closely related to state proceedings that cannot be removed." *Freed*, 756 F.3d at 1023. That is what will happen here if the case proceeds. Under 28 U.S.C. §1441(b)(2), the pending state-court foreclosure case between Deutsche Bank and Parra (as opposed to instant action Parra filed against Ocwen) was not removable on the basis of diversity jurisdiction because Parra, the defendant in that case, is a citizen of Illinois. Also, no federal question exists in the state-court suit. As a result, this Court will be hearing later-filed claims closely related to state-court proceedings that could not be removed. Therefore, this factor also weighs in favor of abstention.

### 10. Vexatious or Contrived Nature of Suit

Finally, this lawsuit is vexatious and contrived. Parra has already sought to assert this legal theory as an affirmative claim for relief and lost – twice. In connection with the second motion, the state court expressed its concern about the vexatious nature of Parra's claims in denying his motion for reconsideration:

> Oft times motions to vacate are predicated upon the failure of one of the parties to be present either due to some emergency or lack of notice. In this instance all parties were present and argued their client's positions. The active participation of both parties by highly competent Counsel argues against the suggestion that an injustice occurred in the presentation or conduct of the hearing preceding the entry of the Order. In fact, the only injustice suggested by [Parra] was his failure to prevail.

Ex. 9, p. 1. After losing in September 2017 and April 2018, this new lawsuit was filed in July 2018. As this Court stated in *Williams*, "[t]he timeline of these cases leads us to believe that this suit is a contrived reaction to the state-court foreclosure proceeding as well as to plaintiffs'

setbacks therein." *Williams*, 2013 WL 271669, at *4. Therefore, this factor also weighs in favor of abstention.

*       *       *

Collectively, the *Colorado River* factors weigh heavily in favor of a stay. Even so, this Court should not hesitate to dismiss Parra's case on the merits for the reasons set forth in Section I, *ante*, because his legal theory is groundless and that dismissal is consistent with the rulings in the parallel state-court case. *See, e.g.*, *Brown v. First State Bank of Harvard*, 1995 WL 756858 (N.D. Ill. Nov. 27, 1995) (dismissing complaint for failure to state a claim *and* under *Colorado River* because the court had a "strong sense that plaintiffs are maintaining federal claims simply to collaterally attack the First State Bank of Harvard's efforts in the state court foreclosure action"). At a minimum, however, the Court should stay this lawsuit pending resolution of the foreclosure case in state court.

## CONCLUSION

For these reasons, the Court should dismiss Plaintiff Jose Parra's Class Action Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). To the extent the Class Action Complaint is not dismissed in its entirety, the Court must dismiss Parra's request for a state-court injunction and dismiss Parra's class action allegations. Finally, in the alternative, the Court should stay these proceedings pending the resolution of Parra's parallel state-court foreclosure action.

Respectfully submitted,

OCWEN LOAN SERVICING, LLC

By: _/s/ Jena M. Valdetero_____
One of its Attorneys

Jena M. Valdetero (6290948)
Robert W. Brunner (6203884)
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Telephone:    (312) 602-5000
Facsimile:    (312) 602-5050
jena.valdetero@bclplaw.com
robert.brunner@bclplaw.com

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on September 26, 2018, a true and correct copy of the foregoing **Motion to Dismiss and Memorandum of Law in Support** was served via the Court's electronic filing system upon all counsel of record.

By: _/s/ Jena M. Valdetero_____