## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSE L. PARRA, individually and on behalf, | ) | |
| of all others similarly situated, | ) | No.  18 CV 5936 |
| | ) | |
| Plaintiff, | ) | Hon. Edmond E. Chang |
| | ) | |
| v. | ) | |
| | ) | |
| OCWEN LOAN SERVICING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION TO STAY

Plaintiff, JOSE L. PARRA ("Parra"), by and through his attorneys, Larry D. Drury Ltd. and MARSHAL P. MORRIS, LLC, responds to OCWEN LOAN SERVICING, LLC's, ("Ocwen) Motion to Dismiss, Or, In the Alternative Motion to Stay, Plaintiff's Complaint ("Complaint"), pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), and states as follows:

### STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) (6) tests the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a 12(b) (6) motion to dismiss, the complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  An adequately

1

stated claim may be supported by showing any set of facts consistent with the allegations in the complaint. *Twombly*, 550 U.S. at 563. Lastly, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005). Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject matter jurisdiction." See FED.R.CIV.P. 12(b)(1). In reviewing a motion challenging the sufficiency of the allegations regarding subject matter jurisdiction, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).

## ARGUMENT

I. **OCWEN FAILED TO APPLY PARRA'S UNAPPLIED FUNDS CONSISTENT WITH THE ILLINOIS MORTGAGE FORECLOSURE ACT AND THE CONTRACTUAL CONDITIONS OF THE MORTGAGE**

Ocwen argues that Parra confuses the concept of a foreclosure lawsuit with the foreclosure itself and contends that a foreclosure is not complete until the judgment of foreclosure has been entered and the property has been sold. Parra responds that under the Illinois Mortgage Foreclosure Law, 735 ILCS 5/15 et seq., ("Mortgage Law"), the term "foreclosure" means an action. In this case, the action for foreclosure was initiated when the initial complaint was filed against Parra. Parra's interpretation is fully supported by two Northern District of Illinois cases where the parties disputed the

definition of the term "foreclosure" under the Mortgage Law.  In both *Lomas & Nettleton Co. v. Humphries*, 703 F. Supp. 757 (N.D. Ill. 1989) and *Moore v. Loma Mortgage, USA*, 814 F. Supp. 741 (N.D. Ill. 1993), the courts held that "foreclosure" meant the foreclosure proceeding itself.

*Lomas* determined that the word "foreclosure" refers to the proceeding itself, an action for foreclosure, and not to its resolution.  *Id*. at 758.  The court further noted that the Illinois mortgage statute defines "foreclosure" as "an action commencing under this Article."  *Id*.  Similarly, *Moore* stated that the term "foreclosure" in the statute means "the [foreclosure] proceeding itself."  *Moore, 814 F. Supp*, at 743.  *Moore* further stated that since "foreclosure" refers to an action for foreclosure, it follows that the statute affords mortgagors in default the right to reinstate their mortgage once an action for foreclosure is commenced, where triggering event is the filing of a foreclosure action. *Id*.

The reasoning from *Lomas* and *Moore* makes logical sense, as the offsetting of the "unapplied funds" at the inception of the process would correctly inform Parra the amount actually owed by him.  Therefore, as a condition precedent, a servicer must apply the funds held in "unapplied" or "suspense" accounts prior to the filing of the foreclosure complaint.  However, that did not happen in Parra's case.  The failure to apply Parra's funds prior to filing the foreclosure complaint is not simply an accounting issue, but rather a disregard of the condition precedent.

Further, 735 ILCS 5/1504(j), the Judicial Foreclosure Procedure statute, outlines the contents of a foreclosure complaint and states that, "[s]tatement as to defaults, including, but not necessarily limited to date of default, *current unpaid principal balance*, per diem interest, accruing and any further information concerning the default." (emphasis added). The plain language of Section (j) demonstrates that the legislature intended that a complaint for foreclosure must state the "current unpaid principal balance that is due at the time the complaint is filed. The most reliable indicator of legislative intent in enacting a statute is the language of the statute itself, which must be given its plain and ordinary meaning. *Hiroshi Hayashi v. Illinois Department of Financial & Professional Regulation, 2014 IL 116023, ¶16.* The failure to reduce Parra's outstanding debt at the time the foreclosure complaint was due resulted in the alleged principal due to be overstated and all calculations made based on the overstated principal amount were incorrect, including any per diem calculations, and late fees. Since there was no compliance with Section (j), the amount in the foreclosure complaint that Parra allegedly owed was overstated.

Ocwen also argues that under Illinois Supreme Court Rule 113(c) ("Rule 113") the unapplied funds will be reflected in the prove-up affidavit submitted by non-party Deutsche Bank. However, Ocwen's reliance on Rule 113 as dipositive evidence is not supported by the language of either Parra's mortgage or Rule 113 itself. Rule 113 does not mention suspense accounts, unapplied funds, or any requirements as to when

unapplied funds must be applied to the outstanding principal balance, as is at issue here. Ocwen argues that Rule 113(c)(4) provides a form affidavit that includes an itemization which specifically deducts the unapplied funds in Parra's suspense account. However, Parra contends that the itemization, is a line item entitled, "Less/Plus balance in reserve accounts" that is intended for mortgages, unlike Parra's, that do not contain express provisions regarding the application of unapplied funds before foreclosure.

Ocwen's argument ignores the clear and express terms of the Uniform Covenants section of Parra's mortgage that requires Parra's unapplied funds to be applied to the outstanding principal balance under the Note immediately prior to filing the foreclosure proceedings. A mortgage is a contract between the lender and the borrower, it contains terms and conditions that bind both parties. When a contract contains an express condition precedent, strict compliance with such terms is required. *Midwest Builder Distributing, Inc. v. Lord and Essex, Inc.*, 383 Ill. App. 3d 645, 668 (1st Dist. 2007). "Illinois courts define a condition precedent as one which must be performed either before a contract becomes effective or which is to be performed by one party to an existing contract before the other party is obligated to perform." *Kinesoft Development Corp. v. Softbank Holdings*, 139 F. Supp. 2d 869, 889 (N.D. Ill. 2001) *quoting MXL Industries, Inc. v. Mulder*, 252 Ill. App. 3d 18, 25(2d Dist. 1993). Courts will enforce express conditions precedent despite the potential for harsh results for the noncomplying party. *Id.* A review of Parra's mortgage shows that it is wholly absent of

5

any mention of Rule 113, or prove-up affidavits and Ocwen has not pointed to any portion of Rule 113 that contains language allowing Ocwen to act contrary to the express requirement in Parra's mortgage regarding unapplied funds.

As a result of all the above, this Court should employ the statutory definition of foreclosure to find that Ocwen failed to apply Parra's unapplied funds consistent with his claims, and Ocwen's motion to dismiss should be denied.

## II.     THE ANTI-INJUNCTION ACT IS NOT APPLICABLE TO PLAINTIFF'S INJUNCTIVE RELIEF

Ocwen argues that this Court should dismiss Count V, of Parra's Complaint, that seeks injunctive relief because the Anti-Injunction Act generally prohibits federal courts from enjoining state court proceedings.  Ocwen claims that "Parra seeks to use a second court as a vehicle to interfere with the first-filed action that has been pending in state court for over two years.  This type of interference is what the Anti-Injunction Act is designed to prohibit." (Motion, at 12, Doc. No. 15).  Ocwen's argument is disingenuous, because it omits that Parra filed his initial action against Ocwen in state court and it was Ocwen that removed the matter to federal court.   (Removal, Doc. No. 1).  Further, the Complaint does not seek injunctive relief to enjoin any state court proceedings.  The Complaint pleads a prohibitive injunction asking that Ocwen be restrained from failing to apply unapplied funds and a mandatory injunction to verify,

notify and warn Parra and the Class as to Ocwen's failure to apply the unapplied funds to the outstanding principal balance prior to foreclosure. (Comp. ¶¶ 42, 43, Doc. No. 1). As such, the Complaint seeks injunctive relief that would not require this Court to enjoin any state proceedings.

### III.     PARRA'S CLASS ALLEGATIONS SHOULD NOT BE DISMISSED BEFORE RULE 23 CLASS CERTIFICATION

As an initial matter, Parra responds that although the motion for class certification has been filed, the issue of class certification is not yet before the Court and there has been no class discovery or briefing. Given the nature of Parra's claims and Ocwen's actions, the issue of class certification should not be decided prior to discovery on all class issues. The Complaint pleads a certifiable class under Rule 23, as it alleges numerosity, commonality, typicality, adequacy, ascertainability, and common questions that predominate making a class action superior to individual actions. (See Comp. ¶¶10-16, Doc. No. 1). While, a court may reject a plaintiff's attempt to represent a class as soon as it is obvious that the plaintiff will be unable to satisfy Rule 23, most often it will not be "practicable" for the court to do so at the pleading stage, unless the complaint makes it clear that class certification is inappropriate. *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829 (N.D. Ill. 2013).

Ocwen argues that the Court should dismiss Parra's class allegations without even considering Rule 23's requirements, for three reasons. First, Ocwen states res

judicata bars the absent class members' claims from prior foreclosure cases. Second, Ocwen states that like Parra's individual claim, the Anti-Injunction Act bars this Court from enjoining on-going state-court proceedings. Third, Ocwen argues that the Court lacks personal jurisdiction over non-Illinois mortgagors.

    A.    <u>The Class Members Claims are Not Barred by Res Judicata</u>

Ocwen erroneously alleges that Parra "seeks to re-litigate a decade of foreclosure cases that are now final and complete" and thus, res judicata applies to the absent Class members' claim. (Def. Motion, at 12, Doc. No. 15). A review of the Complaint establishes that the Complaint expressly requests injunctive relief (Count V) only as to unresolved foreclosure cases, not to cases already adjudicated by final judgment, i.e., the Complaint provides that Ocwen should be directed by a preliminary and permanent mandatory injunction to dismiss all of Ocwen's *pending* foreclosure actions against the Parra and the Class. (Comp. ¶43, Doc. No. 1)(emphasis added). Further, the Complaint defines the Class as "similarly situated Ocwen mortgagors", not as all past or present mortgagors. (Comp. ¶¶1,10, Doc. No. 1). Thus, only pending cases that have not reached a final judgment on the merits are alleged on the Class' behalf. Ocwen's argument lacks falls flat, and their motion to dismiss should be denied.

    B.    <u>The Anti-Injunction Act is Not Applicable to Plaintiff's Relief</u>

For the reasons given supra at 6, the Complaint seeks injunctive relief that would not require this Court to enjoin any state proceedings and Count V of the Complaint should not be dismissed.

C.    <u>The Court Has Jurisdiction over Ocwen</u>

Ocwen argues that the Court should dismiss the claims asserted on behalf of non-Illinois mortgagors for lack of personal jurisdiction, because without general jurisdiction over the defendant, a plaintiff in putative class action may not assert claims on behalf of out-of-state class members against a defendant, without a specific connection between those claims and the forum. Ocwen also argues that general jurisdiction is lacking, because Ocwen is not incorporated, or has its principal place of business in Illinois, and the allegations against Ocwen's activities in Illinois only concern Parra's own case. Lastly, Ocwen relies on the U.S. Supreme Court decision in *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1781 (2017) to argue that a state may not assert specific jurisdiction over a nonresident's claim where the connection to the state is based on the defendant's conduct in relation to a resident plaintiff, and not the nonresident plaintiff. Parra responds that Ocwen's arguments regarding the Court's lack of jurisdiction lack merit when examined against applicable law and they should not be credited for the reasons below.

First, Parra only needs to make out a prima facie case for personal jurisdiction and any disputes concerning facts relevant to jurisdiction in the Complaint should be

resolved in Parra's favor. A complaint does not need not include facts alleging personal jurisdiction. *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998). If the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b) (2) the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000). Without the benefit of an evidentiary hearing, a plaintiff only needs to make out a prima facie case of personal jurisdiction. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). In evaluating whether the prima facie standard has been satisfied, the plaintiff "is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983).

Second, Parra responds that the Complaint alleges facts that establish Ocwen's business in Illinois was sufficiently substantial and its business contacts were continuous and systematic. The Complaint alleges that Ocwen provides mortgage loan servicing services in Cook County, Illinois and throughout the United States. (Comp. ¶3, Doc. No. 1). Additionally, Parra alleges the Class is defined as all similarly situated Ocwen mortgagors throughout the United States against whom Ocwen has failed to apply or return to borrower "unapplied funds" prior to foreclosure. (Comp. ¶9, Doc. No. 1). Ocwen attempts to minimize the magnitude and substance of its business in Illinois, by speculating without any discovery being conducted, that Illinois foreclosures

only form a tiny portion of the total number of claims that Parra seeks to adjudicate. (Motion, at 17, Doc. 15). Such speculation, does not overcome that under a 12(b) (6) motion to dismiss, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *Barnes v. Briley*, 420 F.3d at 677.

Ocwen has not and cannot deny that it conducted business in Illinois as Parra alleges. Thus, the facts establish that general jurisdiction exists, because Plaintiff alleged Ocwen's business in Illinois was sufficiently substantial and its contacts were continuous and systematic. A court may assert general jurisdiction over sister-state corporations to hear any and all claims against them when their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Courts look for continuous and systematic general business contacts, and inquire whether the business was sufficiently substantial and of such a nature as to permit the exercise of personal jurisdiction. *Erno Kalman Abelesz v. OTP Bank*, 692 F.3d 638, 654 (7th Cir. 2012).

Third, Ocwen relies on the U.S. Supreme Court decision in *Bristol-Myers* to argue that specific jurisdiction does not exist, because there is no nexus between Illinois and the claims of non-Illinois mortgagors, as the class allegations relate to foreclosures of real property in other states other those states' laws. Ocwen states that since *Bristol*

*Myers* was announced, numerous decisions in the Northern District of Illinois have applied the Supreme Court's analysis in dismissing or striking out-of-state claims in putative class actions. However, Ocwen's argument ignores that *Bristol Myers* did not expressly address its application to a class action, such as Parra's, as opposed to a mass tort. *Bristol Myers*, 137 S. Ct., at 1781-82. This distinction is critical because plaintiffs and the class are defined through Rule 23 class certification and not at the time of pleading. See F.R.C.P. 23(c)(1)B). Parra responds that the courts are divided on this issue and Judge Feinerman's opinion in *Al Haj v. Pfizer Inc.*, 2018 WL 3707561 (N.D. Ill. Aug 3, 2018) and Judge Gotschall's recent decision in *Weinberg v. Nissan North America, Inc.*, Case No. 17-CV-8867 (N.D. Ill. Sep 29, 2018) are both instructive and applicable here.

*Al Haj* held that since absent class members are not parties for purposes of diversity of citizenship, amount in controversy, Article III standing, and venue, they must also not be a party for purposes of personal jurisdiction. *Al Haj* reasoned that all these doctrines share a key feature, in that each governs a court's ability, constitutional or statutory, to adjudicate a particular person's or entity's claim against a particular defendant and in that context, absent class members are not parties. *Al Haj v. Pfizer Inc.*, No. 17 C 6730, 2018 U.S. Dist. LEXIS 130249, at *7-8 (N.D. Ill. Aug. 3, 2018). *Weinberg* cited to Al Haj's reasoning and *held* that *Bristol Myers* did not "upend the previously settled principles of personal jurisdiction in plaintiff class actions… on which the

Supreme Court explicitly declined to rule." *Weinberg*, Case No. 17-CV-8867, at PageID#430, (N.D. Ill. Sep 29, 2018).

Additionally, Parra alleges that Ocwen purposefully directed its mortgage servicing activities at Illinois and injured Parra in Illinois, which satisfies the elements for specific jurisdiction. (Comp. ¶¶ 3, 9, Doc. No.1). Specific jurisdiction requires that "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities. *Monster Energy Co. v. Chen Wensheng*, 136 F. Supp. 3d 897, 903 (N.D. Ill. 2015). Lastly, Parra responds that Ocwen should not be able to deny specific jurisdiction here, because Ocwen acknowledged jurisdiction by removing the matter from state court to this Court.

For all the reasons above, this Court should find that it has jurisdiction to hear Parra's class action claims and Ocwen's motion to dismiss should be denied.

## IV. EXCEPTIONAL CIRCUMSTANCES DO NOT EXIST TO SUPPORT A STAY UNDER THE COLORADO RIVER DOCTRINE

In the alternative Ocwen asks the Court to stay the lawsuit, under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), pending the resolution of the state court foreclosure suit. Ocwen argues that Parra's state and federal actions are parallel and thus *Colorado River* abstention is appropriate. However, Parra responds

that Ocwen fails to mention that abstention from the exercise of federal jurisdiction is the exception, not the rule. *Id*. at 813. Abstention can only be justified in exceptional circumstances. *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992). In general, exceptional circumstances exist "where denying a federal forum would clearly serve an important countervailing interest," such as "considerations of proper constitutional adjudication," "regard for federal-state relations," or "wise judicial administration." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).

Ocwen's argument fails to mention that Parra filed a state court action that Ocwen removed to federal court, and the actions are parallel only due to Ocwen's choice. Ocwen also neglects to mention that Parra attempted to assert a counterclaim in the state foreclosure action, but the court denied Parra leave to file a counterclaim. (See Sep. 27, 2017 Order, Doc. No. 15-6). As such, there is no parallel counterclaim with respect to the foreclosure.

Additionally, Ocwen argues that parallelism exists, because there is a substantial likelihood that the state foreclosure will somehow dispose of all claims presented in the federal case. Ocwen speculates with its self-serving conclusion that barring "unforeseen circumstances, the end result to of the state-court lawsuit will be that this federal case is barred under claim preclusion principles." (Motion, at 21, Doc. No. 15). Ocwen continues its speculation and argues that since Parra has asserted the theory of this case as an affirmative defense in the state foreclosure, the state court will adjudicate

14

that issue, and will bar Parra's claims in federal court once the stay is lifted. Further, assuming, without admitting, that Ocwen's speculation comes true and the state court rules in favor of summary judgment for Deutsche Bank, Ocwen's argument ignores that finality on the issue is not immediate. Ocwen fails to note that any appeals and decisions will be completed in years instead of a few months' time. Ocwen has not provided any argument or support for delaying Parra's allegations through use of a stay.

Ocwen's speculative and unsupported motion lacks merit and this Court should not find that exceptional circumstances exist to invoke a stay. Any doubt regarding the parallel nature of the state court suit should be resolved in favor of exercising jurisdiction. *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1019 (7th Cir. 2014). As a result, this Court should deny Ocwen's request to stay these proceedings.

**WHEREFORE**, Plaintiff, JOSE L. PARRA, respectfully requests that this Court deny Defendant Ocwen's Motion to Dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

JOSE L. PARRA, individually and on behalf of himself and all others similarly situated,

By: /s/ Larry D. Drury

LARRY D. DRURY
LARRY D. DRURY, LTD.

100 North LaSalle Street
Suite 2200
Chicago, Illinois 60602
(312) 346-7950
Attorney No. 0681024
ldd@larrydrury.com

MARSHAL P. MORRIS
MARSHAL P. MORRIS LLC
2519 Live Oak Lane
Buffalo Grove, IL  60089
847.634.2211
Mpm727@aol.com