**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSE L. PARRA, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) ) | Case No. 1:18-cv-05936 |
| OCWEN LOAN SERVICING, LLC, ) ) | Hon. Edmond E. Chang |
| Defendant. ) | |

**OCWEN LOAN SERVICING, LLC'S
REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS,
OR, IN THE ALTERNATIVE, MOTION TO STAY**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ................................................................................................................. 1

ARGUMENT ......................................................................................................................... 2

    I.    Parra Fails to State a Claim Upon Which Relief Can Be Granted Because Loan Servicers May Credit Incomplete Mortgage Payments Before the Foreclosure. ........................................................................................................ 2

    II.    Parra's Request to Suspend His State-Court Case Violates the Anti-Injunction Act. ...................................................................................................................... 5

    III.    The Court Should Dismiss Parra's Class Action Allegations. ............................... 6

        A.    There Is No Maintainable Class Action. ..................................................... 6

        B.    The Court Lacks Personal Jurisdiction Over the Claims of Putative Class Members Outside of Illinois. ............................................................ 7

    IV.    In the Alternative, the Court Should Stay This Case Under Colorado River. ........ 8

CONCLUSION ...................................................................................................................... 9

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Al Haj v. Pfizer Inc.*,
  2018 WL 3707561 (N.D. Ill. Aug. 3, 2018) ..................................................................8

*Allen & Co., LLC v. Sanford USD Med. Ctr.*,
  2008 WL 5387635 (N.D. Ill. Dec. 18, 2008) ................................................................9

*BNSF Ry. Co. v. Tyrrell*,
  137 S. Ct. 1549 (2017) ..................................................................................................7

*Colorado River Water Conservation District v. United States*,
  424 U.S. 800 (1976) ...........................................................................................2, 8, 9

*EMC Mortg. Corp. v. Kemp*,
  2012 IL 113419 ..............................................................................................................4

*Florence Mussat, M.D., S.C. v. IQVIA, Inc.*,
  2018 WL 5311903 (N.D. Ill. Oct. 26, 2018) ..............................................................7, 8

*Jenkins v. Martin*,
  2006 WL 2852300 (7th Cir. Oct. 3, 2006) ....................................................................5

*John J. Calnan Co. v. Talsma Builders, Inc.*,
  77 Ill. App. 3d 221 (1979) ............................................................................................2

*La Throp v. Bell Fed. Sav. & Loan Ass'n*,
  68 Ill. 2d 375 (1977) .....................................................................................................3

*Moore v. Lomas Mortg. USA, Inc.*,
  814 F. Supp. 741 (N.D. Ill. 1993) .................................................................................4

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985) ......................................................................................................8

*Reserve at Woodstock, LLC v. City of Woodstock*,
  2011 IL App (2d) 100676 ..............................................................................................4

*Smith v. Bayer Corp.*,
  564 U.S. 299 (2011) ......................................................................................................5

*Texas v. United States*,
  523 U.S. 296 (1998) ......................................................................................................6

*Village of Mapleton v. Cathy's Tap, Inc.*,
 313 Ill. App. 3d 264 (3d Dist. 2000) ... 9

*Walden v. Fiore*,
 571 U.S. 277 (2014) ... 7

*Weinberg v. Nissan N. Am., Inc.*,
 Case No. 17-CV-8867, Doc. 47 (N.D. Ill. Sept. 29, 2018) ... 8

*Wells Fargo Bank, N.A. v. McCluskey*,
 2013 IL 115469 ... 4

*Wilmington Sav. Fund Soc'y, FSB v. Morris*,
 2018 IL App (2d) 170116-U ... 2

**Rules**

Fed. R. Civ. P. 12(b)(2) ... 9

Fed. R. Civ. P. 12(b)(6) ... 9

Ill. S. Ct. Rule 113(c)(4) ... 4

**Other Authorities**

17A Wright & Miller, *Fed. Prac. & Proc., Jurisdiction* § 2283 (3d ed.) ... 5

17A Wright & Miller, *Fed. Prac. & Proc., Jurisdiction* § 4222 (3d ed.) ... 5

**INTRODUCTION**

A chancery judge has twice rejected Plaintiff Jose Parra's ("Parra") legal theory that a loan servicer must credit a defaulted borrower's incomplete mortgage payments before filing a foreclosure lawsuit. Applying such a payment is, by definition, insufficient to cure the default. Accordingly, Parra's mortgage, the Illinois Supreme Court Rules, and common sense all instruct that this calculation may be performed just prior to the foreclosure itself—when the final figure will be exact. Parra's response to Defendant Ocwen Loan Servicing, LLC's ("Ocwen") motion to dismiss never acknowledges the chancery judge's rulings. Furthermore, a recent Illinois Appellate Court opinion, interpreting this exact mortgage provision, holds: "Nothing in the mortgage document requires the funds to be applied before filing suit." The Court should dismiss Parra's allegations on the merits, just like the state court has already done—twice.

Although the case should be dismissed in its entirety, Parra's request for this Court to halt his state-court foreclosure lawsuit must be dismissed under the Anti-Injunction Act, which limits the remedies available to federal courts. Parra cites no authority that grants a federal court the power to interfere with ongoing state litigation just because the complaining party disagrees with that court's rulings. This is equally true with respect to Parra's request for this Court to halt countless other state-court foreclosure lawsuits throughout the United States. Moreover, Parra is unable to explain how this Court may properly exercise personal jurisdiction over those putative class members' claims, which have no connection to Illinois. In short, Parra proposes an unprecedented level of interference by a distant federal court in matters best left up to the parties and judges who are already entrenched in the facts of their own cases.

If not dismissed, this second-filed case should be stayed. The stated purpose behind Parra's lawsuit is to disrupt his ongoing state-court foreclosure proceedings. Such tactics are

forbidden as a matter of "wise judicial administration" under the *Colorado River* abstention doctrine. Parra does not engage in any meaningful analysis under this bedrock legal doctrine, which directs federal courts to allow their state counterparts to adjudicate, to completion, first-filed cases that involve the same parties and issues. If this case proceeds, the parties and the Court will inevitably waste valuable resources litigating issues that will soon be res judicata.

## ARGUMENT

I. **Parra Fails to State a Claim Upon Which Relief Can Be Granted Because Loan Servicers May Credit Incomplete Mortgage Payments Before the Foreclosure.**

Parra's Response never even acknowledges that a chancery judge in Cook County has twice rejected his legal argument that crediting incomplete payments was a "condition precedent" to filing a foreclosure lawsuit. He also has no answer to Ocwen's observation that Parra does not allege that a partial payment cannot cure his default. This purported dispute, over pennies of interest, is nothing more than an attempt to delay the foreclosure lawsuit.

In addition to Parra's own unfavorable rulings in Cook County, the Illinois Appellate Court recently rejected Parra's exact legal argument in an unpublished decision, *Wilmington Sav. Fund Soc'y, FSB v. Morris*, 2018 IL App (2d) 170116-U.[1] In *Morris*, the court explained:

> With respect to the argument that application of the funds was a condition precedent in the mortgage contract that had to be fulfilled before Bayview could file the foreclosure action, the borrowers cite paragraph 1 of the Uniform Covenants section of the mortgage, which provides that the lender will apply such funds "immediately prior to foreclosure." A "condition precedent" is one that must be performed before a contract becomes effective or which is to be performed before the other party is obligated to perform. *John J. Calnan Co. v. Talsma Builders, Inc.*, 77 Ill. App. 3d 221, 225 (1979). *Nothing in the mortgage document requires the funds to be applied before filing suit*. This argument is without merit.

---

[1] One of Parra's attorneys appears to be the self-represented borrower in *Morris* who unsuccessfully raised this exact issue. This opinion—on an identical issue—was not disclosed by Parra in his Response.

*Id.*, ¶ 18 (emphasis added). This holding, regarding the same language contained in Parra's mortgage, is squarely on point.

Instead of acknowledging these holdings, Parra directs the Court to twenty-five to thirty-year-old decisions from this Court that interpreted a different mortgage provision with different wording and a different structure. These two cases do not involve an unapplied funds provision, but rather a provision concerning attorneys' fees. Nevertheless, Parra observes that—in interpreting *those* provisions of *those* mortgages—"the courts held that 'foreclosure' meant the foreclosure proceeding itself." Doc. 25, p. 3.

In making this argument, Parra seeks to superimpose a definition created by a statute, the Illinois Mortgage Foreclosure Law, onto the parties' mortgage agreement. Parra's premise is wrong; this case is not about statutory interpretation. In *La Throp v. Bell Fed. Sav. & Loan Ass'n*, 68 Ill. 2d 375 (1977), the borrower similarly argued that the terms of his mortgage should be interpreted in accordance with federal regulations issued by the Federal Housing Authority ("FHA"). The Supreme Court of Illinois disagreed:

> [W]e deem it clear that in an action between a mortgagor and mortgagee (not between the mortgagee and FHA), where the mortgage contract does not specifically incorporate the FHA regulations or expressly indicate agreement thereto, such regulations are not determinative of the content of the contract created between the parties. Once again, the intention of the parties thereto is paramount. No intention to so incorporate FHA regulations is discernible from the mortgage document.

*Id.* at 388. The same is true here. There is no indication that the word "foreclosure" has the legislatively crafted definition found in the statute. Instead, Parra's mortgage uses "foreclosure" in the same fashion as ordinary individuals and courts, to whom a "foreclosure" means the court-

3

ordered sale of property. *See, e.g.*, *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 24; *EMC Mortg. Corp. v. Kemp*, 2012 IL 113419, ¶ 41.[2]

Contracts must be construed as a whole, viewing each provision in light of others, and not by viewing a provision in isolation. *Reserve at Woodstock, LLC v. City of Woodstock*, 2011 IL App (2d) 100676, ¶ 39. Courts should give meaning and effect to every term and should not interpret the agreement in a way that would nullify provisions or render them meaningless. *Id.* Consistent with the canon against rendering words meaningless, the word "foreclosure," when it stands by itself in Parra's mortgage, does not mean "foreclosure proceeding" (as Parra contends) because that interpretation would result in meaningless redundancies and *non sequiturs*. When Parra's mortgage *does* reference a "foreclosure proceeding," the mortgage uses those words together. *See* Doc. 1-1, p. 24 (referencing "the right to assert *in the foreclosure proceeding* the non-existence of a default or any other defense") (emphasis added). Otherwise, the mortgage treats foreclosure as an independent concept and references "foreclosure *by* judicial proceeding," the "*defense* of Borrower to … foreclosure," and that the lender "may foreclose this Security Instrument *by* judicial proceeding." Doc. 1-1, pp. 24-25. These provisions illustrate that the "foreclosure" is the end, not the means.

As the chancery court and Illinois Appellate Court recognized, Parra's mortgage says that unapplied funds must be applied "immediately prior to foreclosure," meaning in conjunction with the court's judgment ordering foreclosure. It does not say that unapplied funds must be

---

[2]In the two cases cited by Parra, the courts tried to ascertain the parties' intent by harmonizing the mortgage provisions about "reinstatement" and "foreclosure" with the foreclosure statute. Under the circumstances, certain deadlines, which were triggered by the filing of the foreclosure complaint, would not have made sense if the term "foreclosure" was interpreted differently in the mortgage and statute. *See Moore v. Lomas Mortg. USA, Inc.*, 814 F. Supp. 741, 743 (N.D. Ill. 1993). There are no such discrepancies here. To the contrary, *Parra's* interpretation conflicts with Ill. S. Ct. Rule 113(c)(4) and the Illinois Supreme Court's promulgated form, which instructs trial courts to itemize this part of the borrower's outstanding loan balance in conjunction with issuing the judgment ordering foreclosure.

applied "immediately prior to filing foreclosure proceedings." Parra's own allegations, which insert these additional words into his mortgage as a gloss (*see* Compl., ¶ 9) instead of relying on the instrument's actual language, establish why Parra's argument lacks merit.

Therefore, the Court should dismiss Parra's Complaint with prejudice.

**II.** **Parra's Request to Suspend His State-Court Case Violates the Anti-Injunction Act.**

Ocwen has explained that the Anti-Injunction Act prohibits this Court from enjoining the state-court foreclosure suit against Parra. Doc. 15, pp. 11-12. Parra calls this argument "disingenuous" because Ocwen removed this case to federal court. Doc. 25, p. 6. But Parra cites no authority that federal courts are hamstrung from enjoining state litigation in original jurisdiction cases, yet free to enjoin all state litigation in removal jurisdiction cases. To the contrary, the Anti-Injunction Act limits the remedies available in *all* federal litigation. *Jenkins v. Martin*, 2006 WL 2852300, at *1 (7th Cir. Oct. 3, 2006). This is well-established. *E.g.*, *Smith v. Bayer Corp.*, 564 U.S. 299 (2011) (applying Anti-Injunction Act in removed case); *see also* 17A Wright & Miller, *Fed. Prac. & Proc., Jurisdiction* § 4222 (3d ed.) ("The Rules of Decision Act, which ordinarily requires a federal court to look to state law in diversity cases, has no application when Congress has, as in § 2283, expressly limited the power of the federal courts.").

Parra also contends that "the Complaint does *not* seek injunctive relief to enjoin any state court proceedings." Doc. 25, p. 6 (emphasis added); *see also id.*, p. 7. This argument is puzzling. Parra's Complaint specifically requests a "preliminary and permanent mandatory injunction to dismiss all of Defendant's pending foreclosure actions against the Plaintiff and the Class." Compl., ¶ 43; *see also id.*, Prayer, ¶ L (asking the Court to "[s]uspend all Ocwen foreclosure proceedings until further order of Court"). In fact, Parra shifts two pages later in his Response, arguing that "the Complaint provides that Ocwen should be directed by a preliminary and permanent mandatory injunction to dismiss all of Ocwen's pending foreclosure actions

5

against the [sic] Parra and the Class." Doc. 25, p. 8. If Parra wishes to forfeit his request to enjoin any state-court litigation, that is fine, but Parra should not act befuddled when Ocwen points out that relief explicitly requested multiple times in his own Complaint is unavailable.

### III. The Court Should Dismiss Parra's Class Action Allegations.

#### A. There Is No Maintainable Class Action.

Ocwen's opening brief explained that Parra's proposed class, as framed, makes no sense because it would necessarily include borrowers whose foreclosure cases have gone to final judgment and whose claims are therefore barred by res judicata. Doc. 15, pp. 12-13. Parra does not deny that res judicata applies to these foreclosed borrowers' claims. Instead, Parra swears off representing these individuals and responds that "only *pending* cases that have not reached a final judgment on the merits are alleged on the Class' behalf." Doc. 25, p. 8 (emphasis added).

But the resulting class also makes no sense. Namely, Parra purports to seek actual damages, based on the loss of real property and "substantial financial loss," as well as "improper foreclosures." Compl., ¶¶ 22, 29, 36, 39.[3] Damages claims are not ripe for borrowers whose foreclosure proceedings remain underway. If no foreclosure has occurred, it is impossible to pin down the existence, or extent, of any alleged damages. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotations omitted).

Furthermore, to the extent that Parra seeks injunctive relief on behalf of this reconstituted class, such relief is barred by the Anti-Injunction Act. If anything, the danger of this Court's exceeding its remedial powers grows even graver across Parra's proposed nationwide class of "pending cases." The Court should decline Parra's invitation to order countless state court

---

[3] Parra also purports to seek damages based upon "excessive payments of interest and principal balances," Compl. ¶ 39, but this request also makes no sense. Individuals involved in foreclosure proceedings have already had their loans accelerated and are not making these payments.

6

judges throughout the United States to halt their foreclosure lawsuits, arising under the laws of their own states, because Parra wishes to assert a technical challenge in his own second lawsuit lagging years behind his own state-court case.

Thus, Parra's proposed carving of the class definition only further demonstrates why no class action is maintainable.

B.     **The Court Lacks Personal Jurisdiction Over the Claims of Putative Class Members Outside of Illinois.**

Parra acknowledges that he carries the burden of making a prima facie showing of personal jurisdiction for his class action allegations. Doc. 25, p. 10. He has not, however, carried that burden simply by noting that Ocwen provides mortgage loan servicing in Illinois "and throughout the United States" or that the class definition contains "all similarly situated Ocwen mortgagors throughout the United States." *Id.* Specific jurisdiction over a nonresident defendant "focuses on the *relationship* among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis added). These bare allegations draw no connection between Ocwen, Illinois, and these various mortgagors scattered throughout the rest of the United States. Likewise, Parra identifies no allegation that renders Ocwen "essentially at home" in Illinois to establish general jurisdiction. *See* Doc. 25, p. 11; *see also BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) ("[A] corporation that operates in many places can scarcely be deemed at home in all of them.").

At the time Ocwen filed its motion, six judges on this Court had issued opinions barring nationwide classes under these circumstances. Doc. 15, pp. 14-15. Recently another judge joined that group. *See Florence Mussat, M.D., S.C. v. IQVIA, Inc.*, 2018 WL 5311903, at *5 (N.D. Ill. Oct. 26, 2018) (Kendall, J.) ("Following the Supreme Court's lead in *Bristol-Myers* and applying its core reasoning here, due process, as an 'instrument of interstate federalism,'

7

requires a connection between the forum and the specific claims at issue. Whether it be an individual, mass, or class action, the defendant's rights should remain constant.") (internal citation omitted). *Florence Mussat* also considered, and rejected, the minority position in *Al Haj v. Pfizer Inc.*, 2018 WL 3707561 (N.D. Ill. Aug. 3, 2018).[4]

Therefore, to the extent that any class allegations remain, the Court should strike them with respect to proposed class members located outside of Illinois.

## IV. In the Alternative, the Court Should Stay This Case Under *Colorado River*.

Ocwen's opening brief painstakingly analyzed whether this lawsuit and Parra's foreclosure lawsuit are "parallel" under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and whether abstention is appropriate under the ten factors generally considered by the Seventh Circuit. Doc. 15, pp. 19-26. Parra has done neither. Instead, Parra remarks that relief under *Colorado River* is the exception, not the rule. Doc. 25, p. 14. Here, however, the circumstances are exceptional, considering that nine of the ten factors weigh in favor of abstention and the tenth is neutral.

Instead of analyzing these factors, Parra argues that Ocwen "fails" or "neglects" to mention that this case was removed and that the chancery court had denied Parra leave to file a counterclaim when it rejected this theory on the merits. Doc. 25, p. 14. To the contrary, Ocwen addressed both of these issues directly in its motion to dismiss. *See* Doc. 15, pp. 8, 21. Although

---

[4]Ocwen has already explained the error in *Al Haj*. *See* Doc. 15, p. 17, n. 2. Parra cites an order in *Weinberg v. Nissan N. Am., Inc.*, Case No. 17-CV-8867, Doc. 47 (N.D. Ill. Sept. 29, 2018) (Gottschall, J.), in which the court chose to follow *Al Haj*. After acknowledging that it was a "close question," and suggesting that the U.S. Supreme Court might "more likely than not" agree with the majority of the other district judges, the court indicated its belief that there was preexisting Supreme Court precedent on the issue. *Id.*, pp. 5, 6. Respectfully, *Weinberg* is analytically flawed. The court stated that it intended to "follow the directly applicable case" (*id.*, p. 7), which the court apparently believed was *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985), a case that addressed *class members'* due process rights. But even the *Weinberg* court acknowledged that the Supreme Court held just last year that the due process rights of absent plaintiffs were "entirely different" so that "*Shutts* did not control because it was the defendant's due process rights that were at issue in *Bristol-Myers*." *Weinberg*, Doc. 47, pp. 5, 6. Thus, *Weinberg* itself did not apply the reasoning of the most "directly applicable case."

8

the point of Parra's argument is not entirely clear, these procedural matters are immaterial because *Colorado River* abstention applies in removed suits. *See, e.g.*, *Allen & Co., LLC v. Sanford USD Med. Ctr.*, 2008 WL 5387635 (N.D. Ill. Dec. 18, 2008). Furthermore, if Parra seeks to imply that Illinois courts would have blessed this duplicative lawsuit, he is incorrect. *See Village of Mapleton v. Cathy's Tap, Inc.*, 313 Ill. App. 3d 264, 266-68 (3d Dist. 2000). Parra cites no authority, in any jurisdiction, that the remedy for an unfavorable trial court decision is to file more lawsuits and bring even more courts into the fray.

Parra's only other argument against abstention is that "finality on the issue is not immediate" because "any appeals and decisions will be completed in years instead of a few months' time." Doc. 25, p. 15. This is hardly an argument in his favor. Rather, Parra's observation illustrates that there is no benefit to allowing *two* cases about identical issues to proceed on parallel tracks for the next several years, multiplying the workload for the judicial system and creating unnecessary expense for the parties. There is no reason this Court and the parties should expend valuable resources on a case that will disappear when Parra's state litigation terminates.

## CONCLUSION

For these reasons, the Court should dismiss Plaintiff Jose Parra's Class Action Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). To the extent the case is not dismissed in its entirety, the Court must dismiss Parra's request for a state-court injunction and dismiss Parra's putative class action allegations. Finally, in the alternative, the Court should stay these proceedings pending the resolution of Parra's parallel state-court foreclosure action.

Dated: November 29, 2018            Respectfully submitted,

                                          OCWEN LOAN SERVICING, LLC

                                          By: */s/ Jena M. Valdetero*
                                               One of its Attorneys

Jena Valdetero (6290948)
Robert W. Brunner (6203884)
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
(312) 602-5000
jena.valdetero@bclplaw.com
robert.brunner@bclplaw.com

## CERTIFICATE OF SERVICE

       The undersigned counsel certifies that on November 29, 2018, a true and correct copy of the foregoing ***Reply Memorandum in Support of Motion to Dismiss, or, in the Alternative, Motion to Stay*** was served via the Court's electronic filing system upon counsel of record.


                                           By: */s/ Jena M. Valdetero*